**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARUN CHUN,<br><br>              Petitioner - Appellant,<br><br>v.<br><br>RAUL LOPEZ, Warden,<br><br>              Respondent - Appellee. | No. 13-16466<br><br>D.C. No. 2:11-cv-01480-MCE-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted October 20, 2015
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit
Judges.

Sarun Chun was convicted of second-degree murder in the death of

Bounthavy Onethavong.  Chun, who was 16 at the time of the shooting, was tried

as an adult and sentenced to 40 years to life in prison.  The only explicit theory of

second-degree murder in the case was felony murder based on shooting at an

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

occupied motor vehicle either directly or as an aider and abetter. Chun appealed, arguing that felony murder was inapplicable under the merger doctrine. He also contended that improperly giving the jury the felony murder instruction allowed the jury to convict him of second-degree murder without finding malice, an element of the crime. The California Court of Appeal agreed and reversed Chun's murder conviction. *People v. Chun*, 155 Cal. App. 4th 170 (Ct. App. 2007). The California Supreme Court also found that giving the erroneous instruction was federal constitutional error, but concluded that it was harmless. *People v. Chun*, 203 P.3d 425, 443–46 (Cal. 2009). Chun sought a writ of habeas corpus from the district court, which denied it. We reverse.

On habeas review, we grant relief if we are convinced or have grave doubt that a constitutional error "had substantial and injurious effect or influence in determining the jury's verdict." *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 627 (1993)). If a state court adjudicates harmlessness on the merits, however, we cannot grant relief unless the state court's finding that the error was harmless beyond a reasonable doubt was objectively unreasonable. *See Davis v. Ayala*, 135 S. Ct. 2187, 2198–99 (2015).

We have grave doubt as to whether giving the erroneous instructions had a substantial and injurious effect on the verdict. Moreover, we hold that the state

court's finding of harmlessness was objectively unreasonable. In brief, the jury found that Chun was a gang member present at the scene of a gang shooting, but that he did not fire a weapon.[1] It thus almost certainly based its conviction on Chun having aided and abetted the shooting. Not surprisingly, given the dearth of evidence, the jury appears to have been so tightly deadlocked that after long deliberations it returned an inconsistent verdict. In separate counts, the jury acquitted Chun of the felonies of shooting at Onethavong's vehicle, and firing from a vehicle (or aiding or abetting those acts). Both acquittals are also inconsistent with the second-degree murder conviction. The Supreme Court has noted that when faced with inconsistent verdicts, the courts cannot know which one—the conviction or the acquittal—"the jury 'really meant.'" *United States v. Powell*, 469 U.S. 57, 68 (1984).

> In close cases like this courts are cautious about finding harmlessness:
>
> In all cases the constitutional safeguards are to be jealously preserved for the benefit of the accused, but especially is this true where the scales of justice may be delicately poised between guilt and innocence. Then error, which under some circumstances would not be ground for reversal, cannot be brushed aside as immaterial since there is a real chance that it might have provided the slight impetus which swung the scales toward guilt.

---

[1] As part of the second-degree murder conviction, the jury found "not true" the special circumstance that Chun had "personally and intentionally discharged a firearm proximately causing great bodily injury or death."

3

*Glasser v. United States*, 315 U.S. 60, 67 (1942) (recognized as superseded on other grounds by *Bourjaily v. United States*, 483 U.S. 171, 181 (1987)); *see also Strickland v. Washington*, 466 U.S. 668, 696 (1984) ("[A] verdict . . . only weakly supported by the record is more likely to have been affected by errors . . . ."). As we recently recognized, the Supreme Court's analysis in *Glasser* and *Strickland* still binds all fairminded jurists. *See Parle v. Runnels*, 505 F.3d 922, 928 & n.7 (9th Cir. 2007).

Moreover, even assuming the second-degree murder conviction was the verdict the jury "meant," we need to know, at least broadly, what the jury thought Chun did to aid and abet before we can evaluate the effect of the incorrect instruction. There was *no* evidence as to how Chun aided or abetted the crime,[2] and

---

[2] It is worth noting that we have held that California courts were unreasonable under 28 U.S.C. § 2254(d)(1) in affirming an aiding and abetting conviction under similar facts. *See Juan H. v. Allen*, 408 F.3d 1262 (9th Cir. 2005). In that case, a 15 year old defendant and his brother were gang members. *Id*. The defendant stood behind his brother as the brother shot and killed a member of a rival gang. There was no evidence that the defendant said or did anything to encourage or help his brother. *Id*. at 1266-67. We held this evidence was not sufficient to support either the act element or the mens rea of aiding and abetting murder. *Id*. at 1277-79.

4

the jury expressly found that Chin did not fire a weapon.[3]  Therefore we are left with nearly total doubt about the effect of the error.  This doubt is reinforced by the real possibility, given the inconsistent verdicts, that the jury convicted through "mistake [or] compromise," in which case proper instructions could easily have swayed the outcome. *See Powell*, 469 U.S. at 65. This is precisely the kind of case to which *O'Neal*'s "grave doubt" holding is meant to apply.

We also find the state court's harmlessness decision objectively unreasonable within the meaning of section 2254(d)(1).  No fair minded jurist would conclude that it was correct to find the error harmless beyond a reasonable doubt, given the total absence of evidence of what Chun did to aid and abet and our resulting inability to assess the effect of the instructional error which permitted the jury to convict Chun absent a showing of malice.  Reasonable doubt is the strictest standard consistent with reasoned decision-making.  It is "the very high level of probability required by the Constitution" before depriving a person of  liberty. *Victor v. Nebraska*, 511 U.S. 1, 14 (1994).  Any doubts must be so attenuated that a reasonable person would "not hesitate" to dismiss them. *Id* at 21.  Given the

---

[3] The State suggests that Chun's statements while in detention help prove that he aided and abetted the shooting.  Even if the statements were probative, they were admitted for the limited purpose of showing Chun's gang membership.  They were expressly not to be considered for anything else, including as evidence of Chun's intent at the time of the shooting.

degree of certainty required, the state court was objectively unreasonable in concluding that the error was harmless beyond a reasonable doubt.[4]

The district court is directed to issue the writ ordering the State to retry Chun within a reasonable time or to release him.

**REVERSED.**

---

[4] Chun also asserts that although inconsistent verdicts are tolerated, the state court applied *Chapman* in an objectively unreasonable manner when it inferred from the inconsistent verdicts that the jury believed Chun had participated in the shooting, despite the fact that when looking at inconsistent verdicts, courts cannot know which one the jury actually meant. *Powell*, 469 U.S. at 65–68. Because we grant relief, we need not decide this question, nor address Chun's other claims.